IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**
            Plaintiff,

v.                                                    Criminal Action No. 3:05CR49
                                                      (BROADWATER)

**GINA MARIE TEETS,**
            **Defendant.**

## ORDER OF SENTENCING HEARING

On March 1, 2006, the parties in the above styled matter appeared before the Court for a sentencing hearing. The defendant was present in person and with her counsel Mark Sutton. The United States was present by Assistant United States Attorney, Paul T. Camilletti.

The Court did not place the defendant under oath but advised her that should it become necessary to take her testimony, she would be placed under oath at that time.

1.   *Presentence Report.*

The Court verified that both the defendant, the defendant's lawyer and the United States received, read and discussed the Presentence Report[1] and that no information was withheld from the parties.[2] The Court further noted that there was one objection to the Presentence Report by the defendant.

Accordingly, the defendant presented argument in support of her objection. The Court issued its rulings to the defendant in the Addendum to Presentence Report and Judgment and

---

[1] 18 U.S.C. § 3552(d); FED. R. CRIM. P. 32(b)(6)(A).

[2] 18 U.S.C. § 3552(d); FED. R. CRIM. P. 32(c)(3)(A).

Commitment Order Findings Pursuant to Rule 32(c).

2. *Adjudication of Guilt*.

On July 7, 2005, the Defendant tendered a guilty plea in this Court pursuant to a written plea agreement. At that time, the Court directed the Probation Officer to prepare a written Presentence Report.[3] However, the Court deferred adjudicating Defendant guilty until the preparation of the Presentence Report and deferred acceptance of the written plea agreement.

The Court, having determined that the Probation Officer prepared a complete Presentence Report,[4] accepted the written plea agreement and adjudicated the Defendant GUILTY of the crime for which she pled: Count One of the Information.

3. *The United States Sentencing Guidelines*.

The Court reviewed the tentative findings as to the Defendant's (1) offense level, (2) criminal history, (3) sentencing range, (4) eligibility for probation, (5) period of supervised release, (6) fine range, (7) costs of imprisonment for which the defendant may be liable,[5] (8) costs of community confinement, (9) cost of supervision, and (9) restitution and the applicability of restitution, as determined by the United States Sentencing Guidelines and as set forth in the Presentence Report.

The Clerk confirmed that the defendant paid the $100.00 Special Assessment Fee as Ordered.[6]

---

[3] 18 U.S.C. § 3552(a); U.S.S.G. § 6A1.1; FED. R. CRIM. P. 32(b)(1).

[4] FED. R. CRIM. P. 32(b)(4)(A) - (H).

[5] 28 C.F.R. § 0.96c(c).

[6] 18 U.S.C. § 3013(a)(2)(A); U.S.S.G. § 5E1.3.

4.  *Tentative Findings after Departure*.

The parties did not file any motions to depart from the sentence as imposed by the United States Sentencing Guidelines.[7]

5.  *Statement by the Victim*.

The Court, noting that there were no identifiable victims in this criminal matter, dispensed with the requirements of FED. R. CRIM. P. 32(c)(3)(E).

6.  *Statements in Aid of Sentencing*.

The Court provided defendant,[8] the defendant's lawyer[9] and the United States[10] an opportunity to comment on the Probation Officer's determinations and other matters relating to the appropriate sentence.[11]

The Defendant did not exercise her right. The Defendant's lawyer did address the Court.

The United States addressed the Court and made the following recommendations to the Court:

1) That defendant be sentenced at the lowest end of the guideline range.

7.  *Imposition of Sentence*

The Court determined that the defendant's involvement in the instant offense was of a

---

[7] U.S.S.G. ch. 5, pt. K.

[8] FED. R. CRIM. P. 32(c)(3)(C).

[9] *Id.* 32(c)(3)(B).

[10] *Id.* 32(c)(3)(D).

[11] *Id.* 32(c)(1).

very serious nature. The Court further considered, among other factors,[12] the circumstances of both the crime and the defendant,[13] and the sentencing objectives of punishment,[14] general deterrence,[15] and incapacitation.[16]

Accordingly, the Court sentenced defendant to a term of forty-one (41) months.

Furthermore, the Court reviewed the factors set forth in 18 U.S.C. §§ 3553(a) & 3572(a)(1) - (8), as well as U.S.S.G. § 5E1.2(e), and determined that defendant did not have the ability to pay a fine. The Court, therefore, waived the imposition of a fine.

The Court determined that defendant was not eligible for a sentence of probation.[17]

Pursuant to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) - (D) & (a)(4) - (6),[18] the Court, following the term of imprisonment, sentenced defendant to a three (3) year period of supervised release.[19]

The Court made the following recommendations to the Bureau of Prisons:

1. That defendant be placed in a facility closest to her place of residence of Berkeley County, West Virginia.

---

[12] 18 U.S.C. § 3582(a).

[13] *Id.* § 3553(a)(1).

[14] *Id.* § 3553(a)(2)(A).

[15] *Id.* § 3553(a)(2)(B).

[16] *Id.* § 3553(a)(2)(C).

[17] *Id.* § 3561(a); U.S.S.G. § 5B1.1(b).

[18] 18 U.S.C. § 3583(c).

[19] *Id.* § 3583(a); U.S.S.G. § 5D1.1.

2. That defendant be given credit for time served from September 26, 2005.

3. That defendant be evaluated for and participate in a drug abuse treatment program during her incarceration.

8. *Disposition of Other Matters*.

The United States moved to dismiss the Counts of the Original Indictment as presented in Criminal Action Number 3:05CR21. Accordingly, the Court DISMISSED those counts in which defendant is named in 3:05CR21.

9. *Reporting/Detention*.

The Court noted that the provisions of the Mandatory Detention Act apply.[20] Accordingly, the Court remanded defendant to the custody of the United States Marshals Service pending designation to a Federal Facility for service of sentence.[21]

10. *Appellate Rights*.

The Court noted that the defendant did waive her appellate rights including, but not limited to, filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, as set forth in the plea agreement and on the record during the July 7, 2005 Rule 11 hearing. However, the Court advised the defendant that, to the extent she may feel that she has preserved some appellate rights,[22] that the defendant must file a notice of appeal[23] within ten (10) days after the

---

[20] 18 U.S.C. §§ 3142 & 3143.

[21] 28 U.S.C. § 4086; 28 C.F.R. § 0.111(k).

[22] FED. R. CRIM. P. 32(c)(5).

[23] FED. R. AP. P. 3(a)(1).

later of either the judgment or the order being appealed[24] or the filing of the United States' notice of appeal.[25] Furthermore, the Court advised the defendant that, if she is unable to afford a lawyer, the defendant must file a financial affidavit with the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia in order to apply for leave to appeal *in forma pauperis*.[26]

11. *Disposition of Other Matters*.

The Court appointed defendant's lawyer in this criminal matter. The Court directed defendant's lawyer to complete the requisite voucher no later than sixty (60) days after the final disposition of this matter[27] to ensure payment for expenses incurred for the representation of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to counsel of record herein.

**DATED** March 3rd, 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[24] *Id.* 4(b)(1)(A)(i).

[25] *Id.* 4(b)(1)(A)(ii).

[26] FED. R. CRIM. P. 32(c)(5).

[27] 4TH CIR. R. APP. II.